# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOLIN, et al,<br><br>　　　　Defendants. | Case No. 1:21-cv-01549-NONE-SAB<br><br>FINDINGS AND RECOMMENDATIONS TO DECLARE PLAINTIFF TO BE A THREE-STRIKE LITIGANT AND REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS UNDER 28 U.S.C. § 1915(g) |

**I.**

**BACKGROUND**

On October 8, 2021, Plaintiff Anthony A. Sharp ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis* (K-41609), initiated this civil rights action in the Northern District of California pursuant to 42 U.S.C. § 1983, against Defendants in their individual and official capacities as employees for the Internal Revenue Service ("IRS"). (ECF No. 1.) Plaintiff alleges he was supposed to receive a Federal Stimulus check of $1,200 but he never received the check, that the check was instead sent to an unknown address with his personal identifying information, and that the IRS Defendants refused to investigate or remedy the situation. (Id.) On October 21,

1

2021, the case was transferred from the Northern District to this Court. (ECF No. 5.) On October 22, 2021, the Court granted Plaintiff's application to proceed *IFP*. (ECF No. 6.) However, for the reasons set forth herein, the Court recommends that Plaintiff be declared a three-strike litigant pursuant to 28 U.S.C. § 1915(g), that Plaintiff's *IFP* status be revoked in this matter, and that Plaintiff be required to pay the full filing fee before he is permitted to proceed in this litigation or face dismissal.[1]

## II.

## LEGAL STANDARD

As mentioned, the Court previously granted Plaintiff leave to proceed *IFP*. (ECF No. 6.) Nevertheless, *IFP* status may be revoked at any time, either on motion or *sua sponte*, if the Court determines that such status should not have been granted. See, e.g., Schwerdtfeger v. Paramo, No. 19-cv-2255 JLS (JLB), 2021 WL 1186831, at *3 (S.D. Cal. Mar. 30, 2021) (collecting cases). Indeed, Andrews v. King implicitly allows the Court to *sua sponte* raise the § 1915(g) problem, so long as the court notifies the prisoner of the earlier dismissals considered to support a revocation of *IFP* status and provides the prisoner an opportunity to be heard on the matter before dismissing the action. See Andrews v. King (King), 398 F.3d 1113, 1120 (9th Cir. 2005). This is because *IFP* status "is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999); see also Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed [*IFP*] is a privilege, not a right[;] courts have the discretion to revoke that privilege when it no longer serves its goals") (citation omitted). Rather, it may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal. 1994), vacated in part on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995).

The plain language of the statute, known as the "Three Strikes" provision of the Prison Litigation Reform Act (PLRA), makes clear that a prisoner is precluded from bringing a civil action or an appeal *IFP* if he has brought three actions or appeals (or any combination thereof totaling three) that were previously dismissed as frivolous, malicious, or for failure to state a claim. See

---

[1] The Court notes Plaintiff consented to magistrate jurisdiction over this litigation on October 8, 2021. (ECF No. 3.) However, the Court additionally notes that not all parties have consented to magistrate jurisdiction because the IRS Defendants have not yet been served or appeared in this matter.

Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020) (citing § 1915(g)); see also Rodriguez, 169 F.3d at 1178.  More specifically, Title 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also Coleman v. Tollefson, 575 U.S. 532 (2015) (holding a dismissal that is on appeal counts as a strike during the pendency of the appeal); Lomax, 140 S. Ct. at 1727 (a dismissal for failure to state a claim counts as a strike under § 1915(g), regardless of whether the dismissal was with or without prejudice); Washington v. L.A. Cnty. Sheriff's Dep't, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes).

To determine whether a dismissal counts as a strike, a reviewing court looks to the dismissing court's actions and the reasons underlying the dismissal.  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013); see also El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (the style of the dismissal or the procedural posture is immaterial).  However, a dismissal qualifies as a strike only where the entire action was dismissed for a qualifying reason under the PLRA.  Hoffman v. Pulido, 928 F.3d. 1147, 1152 (9th Cir. 2019) (in a multi-claim case, all causes of action must be dismissed under the PLRA) (citing Washington, 833 F.3d at 1057); see also Harris v. Harris, 935 F.3d 670 (9th Cir. 2019) (holding that if one reason supporting a dismissal is not a reason enumerated under § 1915A, then that reason "saves" the dismissal from counting as a strike).

If a prisoner has "three strikes" under § 1915(g), he may not proceed without paying the full filing fee unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' " at the time his complaint was filed.  Andrews v. Cervantes (Cervantes), 493 F.3d 1047, 1051–52 (9th Cir. 2007).  In evaluating whether the imminent danger exception applies, the court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible.  Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015).  However, assertions of imminent danger "may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations."

3

Cervantes, 493 F. 3d at 1057 n.11 (collecting cases and noting normal preclusion principles will prevent a prisoner from avoiding the three-strike rule based on allegations rejected in an earlier case).

## III.

## DISCUSSION

### A. Plaintiff has Three or More Qualifying Strikes

As an initial matter, the Court notes Plaintiff's *IFP* status was revoked at least once before in a prior prisoner litigation case on the basis that Plaintiff had accumulated three or more strikes. Sharp v. King, No. 1:18-cv-01556-AWI-GSA (E.D. Cal. 2018). While that court did not order Plaintiff be declared a three-strike litigant (as this Court recommends now), the four cases previously identified as strikes continue to constitute strikes for purposes of the instant findings and recommendations. Moreover, an independent review of the record of actions filed by Plaintiff in the United States District Courts reveals *additional* actions that were dismissed and qualify as strikes as under § 1915(g), and which also support the Court's recommendation to declare Plaintiff a three-strike litigant and to revoke his *IFP* status. The Court takes judicial notice of the following cases which it deems to be strikes:[2]

    1. Sharp v. Cal. State Prison Corcoran Med. Staff, No. 1:99-cv-05550-OWW-DLB (E.D. Cal. 1999)

Plaintiff filed this prisoner civil action while incarcerated at California State Prison-Corcoran. The magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and found the complaint failed to state a claim but granted Plaintiff leave to amend. On March 24, 2000, the court dismissed the action following Plaintiff's failure to file an amended complaint and entered judgment on March 27, 2000.

The Ninth Circuit has held that where a court dismisses a complaint for failure to state a

---

[2] Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of "adjudicative facts" (e.g., court records, pleadings, etc.) and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1  claim with leave to amend, the court's subsequent dismissal for failure to comply with a court order
2  by filing an amended complaint constitutes a strike for purposes of § 1915(g). Harris v. Magnum,
3  863 F.3d 1133, 1143 (9th Cir. 2017). Accordingly, this dismissal constitutes a strike.

4        2.     Sharp v. Cnty. of San Diego, No. 3:99-cv-01685-J-AJB (S.D. Cal. 1999)

5  Plaintiff filed this prisoner action while incarcerated at California State Prison-Corcoran.
6  The magistrate judge recommended granting the appearing defendants' motion to dismiss pursuant
7  to Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim) because it was plain from the
8  face of the complaint that Plaintiff's claims were time-barred; further, the magistrate judge
9  recommended the non-appearing defendant be dismissed *sua sponte* under 28 U.S.C. 1915A for
10 the same reasons. The district judge adopted the findings and recommendations in full and
11 dismissed the action with prejudice on May 24, 2000.

12 The Ninth Circuit has held the defense of statute of limitations may be raised by way of a
13 motion to dismiss pursuant to Rule 12(b)(6) so long as the defense is apparent on the face of the
14 complaint. Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995); see also
15 King, 398 F.3d at 1121 ("failure to state a claim" language under § 1915 parallels language of Fed.
16 R. Civ. P. 12(b)(6)) for purposes of determining strikes). More recently, the Ninth Circuit expressly
17 noted that dismissals for failure to state a claim because the claims were time-barred may be
18 counted as strikes pursuant to 28 U.S.C. § 1915(g). See Belanus v. Clark, 796 F.3d 1021, 1053
19 (9th Cir. 2015). Accordingly, this dismissal constitutes a strike.

20       3.     Sharp v. Mueller, No. 2:03-cv-01354-EJG-DAD (E.D. Cal. 2003)

21 Plaintiff initiated this prisoner litigation action on June 25, 2003. The magistrate judge
22 found the amended complaint failed to state a claim upon which relief could be granted pursuant to
23 28 U.S.C. § 1915A and recommended dismissal without leave to amend. On September 5, 2003,
24 the district judge adopted the findings and recommendations in full, dismissed the action for failure
25 to state a claim, and entered judgment. The dismissal of this action for failure to state a claim
26 constitutes a strike. 28 U.S.C. § 1915(g); Lomax, 140 S. Ct. at 1727; O'Neal v. Price, 531 F.3d
27 1146, 1153 (9th Cir. 2008) (dismissal pursuant to screening order for failure to state a claim
28 constitutes strike under § 1915(g)).

1      4.      Sharp v. Mims, No. 1:13-cv-00534-AWI-BAM (E.D. Cal. 2013)

Plaintiff filed this prisoner action while incarcerated at the Fresno County Jail. The magistrate judge recommended dismissal of the action for failure to state a cognizable § 1983 claim pursuant to 28 U.S.C. § 1915A. On July 1, 2014, the district judge adopted the findings and recommendations in full and dismissed the action for failure to state a claim. The dismissal of this action for failure to state a claim constitutes a strike. 28 U.S.C. § 1915(g); Lomax, 140 S. Ct. at 1727; O'Neal, 531 F.3d at 1153.

5.      Sharp v. Weber, No. 1:17-cv-00160-DAD-EPG (E.D. Cal. 2017)

Plaintiff filed this prisoner civil action while incarcerated at Wasco State Prison. The magistrate judge screened the action pursuant to 28 U.S.C. § 1915(e)(2) and found the complaint to be frivolous and without merit. The district judge dismissed the action on the basis that Plaintiff failed to state a claim and entered judgment on June 12, 2017. This dismissal of this action as frivolous and for failure to state a claim constitutes a strike. 28 U.S.C. § 1915(g); Lomax, 140 S. Ct. at 1727; O'Neal, 531 F.3d at 1153.

6.      Sharp v. Kelso, No. 2:17-cv-01528-KJN-P (E.D. Cal. 2017)

Also on June 12, 2017, Plaintiff filed this purported class action lawsuit, as representative plaintiff, while incarcerated at Salinas Valley State Prison. The magistrate judge recommended summary dismissal of the complaint for failure to state a claim, as well as denial of the request to proceed as a class. On September 28, 2017, the district judge adopted all recommendations in full and dismissed the action. Judgment was entered the following day. The dismissal of this action for failure to state a claim constitutes a strike. 28 U.S.C. § 1915(g); Lomax, 140 S. Ct. at 1727; O'Neal, 531 F.3d at 1153.

7.      Sharp v. Cueva, No. 2:02-cv-01686-FCD-GGH (E.D. Cal. 2002)

Plaintiff initiated this prisoner litigation action on August 8, 2002. While defendants were served in this action and filed an unsuccessful motion for summary judgment based on failure to exhaust administrative remedies, the magistrate judge thereafter *sua sponte* screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and found Plaintiff failed to state a claim. The magistrate judge issued findings and recommendations ordering Plaintiff to show cause why the action should not

6

be dismissed for failure to state a claim, then recommended dismissal after Plaintiff filed a response. On January 6, 2005, the district judge adopted the findings and recommendations, dismissed the action for failure to state a claim, and entered judgment. The dismissal of this action for failure to state a claim constitutes a strike. 28 U.S.C. § 1915(g); Lomax, 140 S. Ct. at 1727; O'Neal, 531 F.3d at 1153.

### B. The Imminent Danger Exception Does Not Apply

Because plaintiff has filed at least three cases that constitute strikes under § 1915(g), he is precluded from proceeding *IFP* in this action unless he can demonstrate he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Cervantes, 493 F.3d at 1053. The Court has reviewed Plaintiff's complaint against the IRS and finds that he has not alleged any facts which suggest he was under imminent danger of serious physical injury at the time he filed his pleading. Williams, 775 F.3d at 1190. Accordingly, the imminent danger exception is inapplicable in the instant matter. Id.; Cervantes, 493 F.3d at 1053.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff be DECLARED a three-strikes litigant pursuant to 28 U.S.C. § 1915(g);
2. Plaintiff's *in forma pauperis* status be REVOKED pursuant to 28 U.S.C. § 1915(g);
3. The Court's October 22, 2021 order (ECF No. 6), which directed the Director of the California Department of Corrections and Rehabilitation or designee to deduct the filing fee from Plaintiff's trust account whenever the balance exceeds $10.00, be VACATED;
4. The Clerk of the Court be DIRECTED to serve a copy of this order on: (1) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division; and (2) the Director of California Department of Corrections and Rehabilitation or designee via the Court's electronic case filing system (CM/ECF);

1      and

2      5.      Plaintiff be ORDERED TO SUBMIT, **within thirty (30) days from any order by the District Court adopting these findings and recommendations**, the appropriate filing fee, and Plaintiff be warned that his failure to comply with such order will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 25, 2022**

                                       UNITED STATES MAGISTRATE JUDGE